UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CIVIL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CARRIE JOHNSON, INDIVIDUALLY | ) | |
| AND ON BEHALF OF ALL OTHERS | ) | |
| SIMILARLY SITUATED. | ) | *Electronically Filed* |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5:19-064-DCR |
| | ) | Removed from Fayette Circuit |
| V. | ) | Court, Case No. 18-CI-03625 |
| | ) | |

BLC LEXINGTON SNF, LLC
d/b/a BROOKDALE RICHMOND PLACE
SNF (KY)
111 Westwood Place, Suite 200
Brentwood, Tennessee 37027
**SERVE:      VIA CERTIFIED MAIL
            RETURN RECEIPT REQUESTED**
            Corporation Service Company
            421 West Main Street
            Frankfort, Kentucky 40601


-and-

ARC RICHMOND PLACE, INC.
d/b/a BROOKDALE
RICHMOND PLACE PCH (KY),
BROOKDALE
LEXINGTON IL/AL/MC (KY); AND
BROOKDALE HOME HEALTH
111 Westwood Place, Suite 200
Brentwood, Tennessee 37027
**SERVE:      VIA CERTIFIED MAIL
            RETURN RECEIPT REQUESTED**
            Corporation Service Company
            421 West Main Street
            Frankfort, Kentucky 40601

-and-

BRE KNIGHT SH KY OWNER, LLC

C/O Equity Office
222 S. Riverside Plaza, #2000
Chicago, IL 60606
**SERVE:**       **VIA CERTIFIED MAIL**
                 **RETURN RECEIPT REQUESTED**
                 Corporation Service Company
                 421 West Main Street
                 Frankfort, Kentucky 40601


-and-

AMERICAN RETIREMENT CORPORATION
111 Westwood Place, Suite 400
Brentwood, Tennessee 37027
**SERVE:**       **VIA CERTIFIED MAIL**
                 **RETURN RECEIPT REQUESTED**
                 Corporation Service Company
                 421 West Main Street
                 Frankfort, Kentucky 40601


BROOKDALE SENIOR LIVING COMMUNITIES, INC.
111 Westwood Place, Suite 200
Brentwood, Tennessee 37027
**SERVE:**       **VIA CERTIFIED MAIL**
                 **RETURN RECEIPT REQUESTED**
                 Corporation Service Company
                 421 West Main Street
                 Frankfort, Kentucky 40601
-and-

BROOKDALE SENIOR LIVING
COMMUNITIES, INC.
Corporation Service
Company 2711 Centerville Rd, Suite 400
Wilmington, Delaware 19808
**SERVE:**       **VIA CERTIFIED MAIL**
                 **RETURN RECEIPT REQUESTED**
                 Office of the Secretary of State
                 Summons Branch
                 700 Capital Avenue, Suite 86
                 Frankfort, Kentucky 40601


Process Agent:       Corporation Service Company

2711 Centerville Road, Suite 400
Wilmington, Delaware 19808

-and-

BROOKDALE SENIOR LIVING INC.
Corporation Service Company 2711 Centerville Road, Suite 400
Wilmington, Delaware 19808
**SERVE:        VIA CERTIFIED MAIL
               RETURN RECEIPT REQUESTED**
               Office of the Secretary of State
               Summons Branch
               700 Capital Avenue, Suite 86
               Frankfort, Kentucky 40601
Process Agent:        Corporation Service Company
                      2711 Centerville Road, Suite 400
                      Wilmington, Delaware 19808
-and-

EMERITUS CORPORATION
111 Westwood Place, Suite 400
Brentwood, Tennessee 37027
**SERVE:        VIA CERTIFIED MAIL
               RETURN RECEIPT REQUESTED**
               Corporation Service Company
               421 West Main Street
               Frankfort, Kentucky 40601
-and-

PARK PLACE INVESTMENTS, LLC
111 Westwood Place, Suite 200
Brentwood, Tennessee 37027
**SERVE:        VIA CERTIFIED MAIL
               RETURN RECEIPT REQUESTED**
               Corporation Service Company
               421 West Main Street
               Frankfort, Kentucky 40601
-and-

BKD PERSONAL ASSISTANCE SERVICES, LLC
111 Westwood Place, Suite 200
Brentwood, Tennessee 37027
**SERVE:        VIA CERTIFIED MAIL**

**RETURN RECEIPT REQUESTED**
Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

-and-

HORIZON BAY MANAGEMENT, LLC
111 Westwood Place, Suite 400
Brentwood, Tennessee 37027
**SERVE:       VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

-and-

EMERICARE INC
111 Westwood Place, Suite 400
Brentwood, Tennessee 37027
**SERVE:       VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

-and-

BKD RICHMOND PLACE PROPCO, LLC
111 Westwood Place, Suite 400
Brentwood, Tennessee 37027
**SERVE:       VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

-and-

BROOKDALE EMPLOYEE SERVICES – CORPORATE LLC
111 Westwood Place, Suite 400
Brentwood, Tennessee 37027
**SERVE:       VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

-and-

BROOKDALE EMPLOYEE SERVICES, LLC
111 Westwood Place, Suite 400
Brentwood, Tennessee 37027
**SERVE:      VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

-and-

BKD TWENTY ONE MANAGEMENT COMPANY, INC.
111 Westwood Place, Suite 400
Brentwood, Tennessee 37027
**SERVE:      VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

-and-

ARC THERAPY SERVICES, LLC
111 Westwood Place
Suite 200, Brentwood, TN 37027
**SERVE:      VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

-and-

BROOKDALE ASSOCIATE FUND, INC.
111 Westwood Place
Suite 400
Brentwood, TN 37027
**SERVE:      VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Corporation Service Company
421 West Main Street

Frankfort, Kentucky 40601

ANN PHILLIPS, in her Capacity as Administrator and Executive Director
of Brookdale Richmond Place
**SERVE:**      **VIA CERTIFIED MAIL**
              **RETURN RECEIPT REQUESTED**
              2770 Palumbo Drive
              Lexington, KY 40509

-and-

LUCINDA  BAIER, CHAD C. WHITE, AND
MARY SUE PATCHETT
in their capacities as Owners of and Manager of various Defendants
111 Westwood Place
Brentwood, Tennessee 37027
**SERVE:**            **VIA CERTIFIED MAIL**
                   **RETURN RECEIPT REQUESTED**
                   Office of the Secretary of State
                   Summons Branch
                   700 Capital Avenue, Suite 86
                   Frankfort, Kentucky 40601

-and-

JOANNE LESKOWICZ AND GEORGE T. HICKS
in their capacities as Owners of and Manager of various Defendants
111 Westwood Place
Brentwood, Tennessee 37027
**SERVE:**            **VIA CERTIFIED MAIL**
                   **RETURN RECEIPT REQUESTED**
                   Office of the Secretary of State
                   Summons Branch
                   700 Capital Avenue, Suite 86
                   Frankfort, Kentucky 40601

-and-
LABEED DIAB, in his capacity as Owner of Brookdale
Richmond Place, SNF
**SERVE:**            **VIA CERTIFIED MAIL**
                   **RETURN RECEIPT REQUESTED**
                   500 West Main Street
                   ATTN: Corporate Secretary
                   Louisville, KY 40202

-and-

GERALDINE GORDON-KRUPP,
BRYAN RICHARDSON, AND THOMAS SMITH,
in their capacities as Owners of Brookdale Richmond Place, SNF
111 Westwood Place
Brentwood, Tennessee 37027
**SERVE:**       **VIA CERTIFIED MAIL**
                 **RETURN RECEIPT REQUESTED**
                 Office of the Secretary of State
                 Summons Branch
                 700 Capital Avenue, Suite 86
                 Frankfort, Kentucky 40601

-and-

ARC RICHMOND PLACE REAL ESTATE HOLDINGS, LLC
1920 Main Street, Suite 1200
Irvine, CA 92614
**SERVE:**       **VIA CERTIFIED MAIL**
                 **RETURN RECEIPT REQUESTED**
                 Corporation Service Company
                 421 West Main Street
                 Frankfort, Kentucky 40601

-and-

HCP, INC.
1920 Main Street, Suite 1200
Irvine, CA 92614
**SERVE:**       **VIA CERTIFIED MAIL**
                 **RETURN RECEIPT REQUESTED**
                 Corporation Service Company
                 421 West Main Street
                 Frankfort, Kentucky 40601

-and-

HBP LEASECO INC.
111 Westwood Place, Suite 400
Brentwood, Tennessee 37027
      **SERVE:**       **VIA CERTIFIED MAIL**
                       **RETURN RECEIPT REQUESTED**
                       Corporation Service Company

421 West Main Street
Frankfort, Kentucky 40601

-and-

BENITA DICKENSON in her Capacity as Managing Employee and Administrator
of Brookdale Richmond Place
       **SERVE:**      **<u>VIA CERTIFIED MAIL</u>**
                      **<u>Return Receipt Requested</u>**
                      3051 Rio Dosa Drive
                      Lexington, KY 40509

Defendants.

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Comes the Plaintiff, Carrie Johnson, and for her Third Amended Complaint, jury demand, and causes of action against Defendants, BLC Lexington SNF, LLC, d/b/a Brookdale Richmond Place SNF (KY), ARC Richmond Place, Inc., d/b/a Brookdale Richmond Place PCH (KY), BRE Knight SH Ky Owner, LLC, American Retirement Corporation, Brookdale Senior Living Communities, Inc., Brookdale Senior Living Communities, Inc. (Delaware), Brookdale Senior Living Inc., Emeritus Corporation, Park Place Investments, LLC, BKD Personal Assistance Services, LLC, Horizon Bay Management, LLC, Emericare, Inc., BKD Richmond Place Propco, LLC, Brookdale Employee Services – Corporate, Brookdale Employee Services, LLC, BKD Twenty One Management Company, Inc., ARC Therapy Services, LLC, Brookdale Associate Fund, Inc., Ann Phillips in her capacity as Administrator and Executive Director of Brookdale Richmond Place, Benita Dickenson in her Capacity as Managing Employee and Administrator of Brookdale Richmond Place, SNF, and Lucinda Baier, Chad C. White, Mary Sue Patchett, Joanne Lescowicz, George T. Hicks, Labeed Diab, Geraldine Gordon-Krupp, Bryan Richardson, and Thomas Smith, in their capacity as Owners and Managers

of Brookdale Richmond Place, SNF, ARC Richmond Place Real Estate Holdings, LLC; HCP Inc.; and HBP Leaseco, Inc. hereby states as follows:

1.      Carrie Johnson is, and was at all times relevant herein, a resident of Fayette County, Kentucky.

2.      Ms. Johnson was a resident of BLC Lexington SNF, LLC, d/b/a Brookdale Richmond Place SNF (KY) (hereinafter "Brookdale Richmond Place SNF (KY)" and "the facility") located at 2770 Palumbo Drive, Lexington, Kentucky 40509, beginning on November 20, 2017.

3.      Upon information and belief, Defendant BLC Lexington SNF, LLC, d/b/a Brookdale Richmond Place SNF (KY), is, and was at all times relevant herein, a Foreign Limited Liability Company, with its principal office located at 111 Westwood Place, Suite 200, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601. Under the laws and regulations promulgated and enforced by the Cabinet for Health.

4.      As licensee of the facility, BLC Lexington SNF, LLC, d/b/a Brookdale Richmond Place SNF (KY), was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant BLC Lexington SNF, LLC, d/b/a Brookdale Richmond Place SNF (KY) in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

5.      Upon information and belief, Defendant ARC Richmond Place, Inc., d/b/a Brookdale Richmond Place PCH (KY), is, and was at all times relevant herein, a Foreign Limited Liability Company, with its principal office located at 111 Westwood Place, Suite 200, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place PHC (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, ARC Richmond Place, Inc., d/b/a Brookdale Richmond Place PCH (KY), was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant ARC Richmond Place, Inc., d/b/a Brookdale Richmond Place PCH (KY) in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

6.      Upon information and belief, Defendant BRE Knight SH KY Owner, LLC is, and was at all times relevant herein, a Foreign Limited Liability Company, with its principal office located at 222 S. Riverside Plaza, #2000, Chicago, IL 60606, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, LLC, 421 West Main Street, Frankfort, Kentucky 40601. The causes of action which make the basis of this suit arise out of such business

conducted by said Defendant in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

7.     American Retirement Corporation, is, and was at all times relevant herein, a Foreign Corporation, with its principal office located at 111 Westwood Place, Suite 400, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, LLC, 421 West Main Street, Frankfort, Kentucky 40601. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant American Retirement Corporation, in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

8.     Upon information and belief, Defendant Brookdale Senior Living Communities, Inc., is, and was at all times relevant herein, a Foreign Corporation, with its principal office located at 111 Westwood Place, Suite 200, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.  The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Brookdale Senior Living Communities, Inc., in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

9.     Upon information and belief, Defendant Brookdale Senior Living Communities, Inc., is, and was at all times relevant herein, a Delaware Corporation, with its principal office located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Brookdale Senior Living Communities, Inc., in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

10.     Upon information and belief, Defendant Brookdale Senior Living Inc., is, and was at all times relevant herein, a Delaware Corporation, with its principal office located at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19801. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant Brookdale Senior Living Inc., in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

11.     Upon information and belief, Defendant Emeritus Corporation a Foreign Corporation, with its principal office located at 111 Westwood Place, Suite 400,

Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, LLC, 421 West Main Street, Frankfort, Kentucky 40601. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant American Retirement Corporation, in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

12.     Upon information and belief, Defendant Park Place Investments, LLC is a Foreign Limited Liability Company with its principal office located at 111 Westwood Place, Suite 200, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, LLC, 421 West Main Street, Frankfort, Kentucky 40601. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

13.     Upon information and belief, Defendant BKD Personal Assistance Services, LLC is a Foreign Limited Liability Company with its principal office located at 111 Westwood Place, Suite 200, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service

Company, LLC, 421 West Main Street, Frankfort, Kentucky 40601. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

14.    Upon information and belief, Defendant Horizon Bay Management, LLC is a Foreign Limited Liability Company with its principal office located at 111 Westwood Place, Suite 200, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, LLC, 421 West Main Street, Frankfort, Kentucky 40601. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

15.    Upon information and belief, Defendant Emericare Inc. is a Foreign Corporation with its principal office located at 111 Westwood Place, Suite 400, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, LLC, 421 West Main Street, Frankfort, Kentucky 40601. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

16.     Upon information and belief, Defendant BKD Richmond Place Propco, LLC is a Foreign Limited Liability Company with its principal office located at 111 Westwood Place, Suite 400, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, LLC, 421 West Main Street, Frankfort, Kentucky 40601. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

17.     Upon information and belief, Defendant Brookdale Employee Services – Corporate, LLC is a Foreign Limited Liability Company with its principal office located at 111 Westwood Place, Suite 400, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, LLC, 421 West Main Street, Frankfort, Kentucky 40601. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

18.     Upon information and belief, Defendant Brookdale Employee Services, LLC is a Foreign Limited Liability Company with its principal office located at 111 Westwood Place, Suite 400, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or

providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, LLC, 421 West Main Street, Frankfort, Kentucky 40601. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

19.    Upon information and belief, Defendant BKD Twenty One Management Company, Inc. is a Foreign Corporation with its principal office located at 111 Westwood Place, Suite 400, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, LLC, 421 West Main Street, Frankfort, Kentucky 40601. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

20.    Upon information and belief, ARC Therapy Services, LLC is a Foreign Limited Liability Company with its principal office located at 111 Westwood Place, Suite 200, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, LLC, 421 West Main Street, Frankfort, Kentucky 40601. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant in the ownership,

operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

21.     Upon information and belief, Defendant Brookdale Associate Fund, Inc. is a Foreign Corporation with its principal office located at 111 Westwood Place, Suite 400, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Brookdale Richmond Place SNF (KY), located at 2770 Palumbo Drive, Lexington, Kentucky 40509. Its agent for service of process is Corporation Service Company, LLC, 421 West Main Street, Frankfort, Kentucky 40601. The causes of action which make the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Ms. Johnson.

22.     Ann Phillips was the Administrator and Executive Director of Brookdale Richmond Place during the residency of Plaintiff. The causes of action that make the basis of this suit arise, in part, out of Ann Phillips' administration of the facility during the residency of Plaintiff. Ann Phillips may be served with process by delivery of summons and a true and accurate copy of this First Amended Complaint at her place of business at 2270 Palumbo Drive, Lexington KY 40509.

23.     Benita Dickenson was the managing employee of Brookdale Richmond Place, SNF during the residency of Plaintiff. Upon information and belief, Defendant Benita Boggs Dickenson was the Administrator of Brookdale Richmond Place from 2014 to October, 2016. The causes of action that make the basis of this suit arise, in part, out of Ms. Dickenson's management of the facility during the residency of the Plaintiff. At all times pertinent to this Complaint, Ms. Dickenson was, and is, a Kentucky resident,

domiciled in the state of Kentucky, and a Kentucky citizen. Benita Dickenson may be served with process by delivery of summons and a true and accurate copy of this Complaint at her place of business at 2270 Palumbo Drive, Lexington KY 40509.

24.    Lucinda Baier, Chad C. White, and Mary Sue Patchett were the managing members and/or officers of every corporate Defendant sued herein authorized to do business in the Commonwealth of Kentucky. The causes of action pled in this First Amended Complaint arise, in part, from these Defendants' actions, or failure to act, in managing the facility during the residency of the Plaintiff. These Defendants may be served at 111 Westwood Place, Brentwood, Tennessee, 37027.

25.    Joanne Lescowicz and George T. Hicks were the managing members and/or owners of American Retirement Corporation, Emericare, Inc., Brookdale Senior Living Communities, Inc., BKD Twenty One Management Co., Emeritus Corporation, and ARC Therapy Services, LLC, d/b/a Brookdale Therapy Richmond Place. The causes of action pled in this First Amended Complaint arise, in part, from these Defendants' actions, or failure to act, in managing the facility during the residency of the Plaintiff. These Defendants may be served at 111 Westwood Place, Brentwood, Tennessee, 37027.

26.    Labeed Diab, Geraldine Gordon-Krupp, Bryan Richardson, and Thomas Smith were managers of Brookdale Richmond Place, SNF during the period of Plaintiff's residency. The causes of action pled in this First Amended Complaint arise, in part, from these Defendants' actions, or failure to act, in managing the facility during the residency of the Plaintiff. These Defendants may be served at 500 West Main Street, Louisville, Kentucky 40202 (Mr. Diab), and 111 Westwood Place, Brentwood, Tennessee, 37027. (Ms. Gordon-Krupp, Mr. Richardson, and Mr. Smith).

27.     Upon information and belief, ARC Richmond Place Real Estate Holdings, LLC, is at all times relevant herein is a foreign limited liability corporation with its principle office located at 1920 Main Street, Suite 1200, Irvine, CA 92614, and authorized to do business in the Commonwealth of Kentucky. Its agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.  It is an alter ego of the Facility and its assets and liabilities were commingled with the Facility's assets and liabilities.

28.     Upon information and belief, HCP, Inc. is at all times relevant herein a foreign corporation with its principle office located at 1920 Main Street, Suite 1200, Irvine, CA 92614, and authorized to do business in the Commonwealth of Kentucky. Its agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.  It is an alter ego of the Facility and its assets and liabilities were commingled with the Facility's assets and liabilities.

29.     Upon information and belief, HBP Leaseco Inc. is, and was at all times relevant herein, a Foreign Corporation, with its principal office located at 111 Westwood Place, Suite 400, Brentwood, Tennessee 37027, and authorized to do business in the Commonwealth of Kentucky. Its agent for service of process is Corporation Service Company, LLC, 421 West Main Street, Frankfort, Kentucky 40601. It is an alter ego of the Facility and its assets and liabilities were commingled with the Facility's assets and liabilities.

30.     Whenever the term "Nursing Home Defendants" or "Defendants" is utilized within this suit, such term collectively refers to every Defendant in this suit.

31.     Defendants controlled the operation, planning, management, budget and quality control of their respective facilities. The authority exercised by Defendants over

the facilities included, but was not limited to, operation, management, control of marketing, human resources management, training, staffing, creation, and implementation of all policy and procedure manuals used by nursing and hospital facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

32.     Pursuant to the principles of actual agency, ostensible agency and apparent authority, Defendants are responsible for the acts or omissions of their agents, servants, employees, or representatives.

33.     Whenever in this First Amended Complaint it is alleged that Defendants did any act or failed to do any act, it is meant that the officers, agents, or employees of the designated Defendants respectively performed, participated in, or failed to perform such acts while in the course and scope of their employment or agency relationship with the Defendants.

34.     Defendants are directly liable by virtue of their own conduct for the wrongful acts detailed herein.

35.     Defendants are also vicariously or indirectly liable for the negligent acts and omissions of all persons or entities under their control, either direct or indirect, including employees, agents, and consultants and responsible for the wrongful conduct detailed herein under one or more of the following alternative legal theories:

    a.  Alter ego: at all material times, Defendants were *alter egos* of one another. Defendants conducted these entities, including the Facility, as if they were one by commingling them on an interchangeable basis or confusing separate properties, records, or control. Furthermore, the Facility, was a

subsidiary, affiliate, and/or alter ego of Defendants. The Facility was merely a conduit through which Defendants did business. The management and operation of the Facility were so assimilated within the Defendants that the Facility was simply a name through which Defendants conducted their business. The Defendants so dominated and controlled the operations of the Facility, and any assertions by the Defendants that each was a separate corporate fiction with an independent and separate existence is a sham and part of scheme to perpetrate fraud, promote injustice, and evade existing legal and fiduciary obligations.

b.  Agency: at all material times, Defendants acted as agents for one another and each ratified or authorized the acts or omissions of the other.

c.  Joint venture/enterprise: In the alternative, Defendants are each liable for the acts and omissions of the other because they were engaged in a joint venture and enterprise and acted in concert in the establishment, operation, management, and control of the facility. Defendants shared a common purpose in establishing, operating, managing, and/or controlling the Facility and combined their property and labor in the Facility for the purpose of making a profit. Defendants each had a right of mutual control over the establishment, operation, management, control, supervision, and maintenance of the Facility.

36.    BLC Lexington SNF, LLC, d/b/a Brookdale Richmond Place SNF (KY), holds itself out as being a Long-Term Care and Rehabilitation Facility. As such, BLC Lexington SNF, LLC, d/b/a Brookdale Richmond Place SNF (KY), is subject to licensure requirements pursuant to KRS Chapter 216 and 902 KAR 20:026 and 902 KAR 20:300.

37.     Pursuant to KRS § 216.515, Ms. Johnson was entitled to certain rights as a resident of BLC Lexington SNF, LLC, d/b/a Brookdale Richmond Place SNF (KY).

38.     Whenever the term "Individual Defendants" is used, the term refers to the following Defendants: BLC Lexington SNF, LLC d/b/a Brookdale Richmond Place, SNF (KY); ARC Richmond Place, Inc. d/b/a Brookdale Richmond Place PCH (KY); American Retirement Corporation; Brookdale Senior Living Communities, Inc.; Brookdale Senior Living Communities, Inc (Delaware); Brookdale Senior Living, Inc.; Ann Phillips; BRE Knight SH Ky Owner, LLC; Emeritus Corporation; Park Place Investments, LLC; BKD Personal Assistance Services, LLC; Horizon Bay Management, LLC; Emiericare, Inc.; BKD Richmond Place Propco, LLC; Brookdale Employee Services, - Corporate, LLC; Brookdale Employee Services, LLC; BKD Twenty One Management Company, Inc.; ARC Therapy Services; Brookdale Associate Fund, Inc.; Benita Dickenson; Lucinda Baier; Chad C. White; Mary Sue Patchett; Joanne LesKowicz; George T. Hicks; Labeed Diab; Geraldine Gordon-Krupp; Bryan Richardson, and Thomas Smith.

39.     Whenever the term "Class Defendants" is used, the term refers to the following Defendants: BLC Lexington SNF, LLC d/b/a Brookdale Richmond Place SNF; ARC Richmond Place, Inc. d/b/a Brookdale Richmond Place PCH (KY), Brookdale Home Health Lexington IL/AL/MC (KY); and Brookdale Home Health; American Retirement Corporation; Brookdale Senior Living Communities, Inc.; Brookdale Senior Living Communities, Inc. (Delaware); Brookdale Senior Living Inc.; ARC Richmond Place Real Estate Holdings, LLC; HCP, Inc.; Emeritus Corporation; Park Place Investments, LLC; BKD Personal Assistance Services, LLC, Horizon Bay Management, LLC; HBP Leaseco, Inc.; Emericare, Inc.; BKD Richmond Place Propco, LLC; Brookdale Employee Services –

Corporate, LLC; Brookdale Employee Services, LLC; BKD Twenty One Management Company, Inc.; Ann Phillips; Benita Dickenson.

40.     Jurisdiction and venue are proper in this Court.

## INDIVIDUAL FACTS FOR COUNTS I-VIII

41.     At all times pertinent to the counts pled in Counts I-VIII below, Ann Phillips was employed by the Individual Defendants.

42.     At all relevant times pertinent to the counts pled in Counts I-VIII below, Ann Phillips was acting within the scope of her employment with the Individual Defendants. Therefore, the Individual Defendants are vicariously liable for the acts and omissions of Ann Phillips. In addition, the Individual Defendants are liable pursuant to the Restatement (Third) of Agency including, but not limited to, § 7.05.

43.     Upon information and belief, at all relevant times to the counts pled in counts I-VIII below Plaintiff was a resident of Brookdale Richmond Place. Plaintiff depended on the Individual Defendants for treatment of her total needs for custodial, nursing and medical care. Due to the negligence, carelessness and wrongful conduct of the Individual Defendants, Plaintiff suffered unnecessary loss of personal dignity, personal injuries, suffering, degradation, and mental anguish, all of which were caused by the negligence, carelessness and wrongful conduct of the Individual Defendants.

44.     At all relevant times mentioned herein, the Individual Defendants owned, operated, managed and/or controlled Brookdale Richmond Place either directly, through a joint enterprise, partnership and/or through the agency of another and/or divided subalterns, subsidiaries, governing bodies, agents, servants or employees.

45.     At all times mentioned herein, the Individual Defendants, through their corporate officers, employees, agents and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries of Plaintiff. The Individual Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Brookdale Richmond Place, such as Plaintiff.

46.     In an effort to ensure that Plaintiff and other residents whose care was partially funded by the government were placed at Brookdale Richmond Place, the Individual Defendants held themselves out to the Kentucky Cabinet for Health and Family Services (CHFS) and the public at large as being:

(a)     Skilled in the performance of nursing, rehabilitative, and/or  other medical support services;

(b)     Properly staffed, supervised, and equipped to meet the total   needs of their residents;

(c)     Able to specifically meet the total medical and physical therapy needs of Plaintiff and other residents like her; and

(d)     Licensed by CHFS and complying on a continual basis with all rules, regulations, and standards established for nursing homes and similar facilities.

47.     The Individual Defendants failed to discharge their obligations of the care of Plaintiff with a conscious disregard for her rights and safety. At all times mentioned herein, the Individual Defendants, through their Corporate officers and administrators had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Plaintiff as more fully set forth below. The Individual Defendants knew that these facilities could not provide the minimum standard of care to the weak and vulnerable residents of the respective facilities. The severity of the recurrent

negligence inflicted upon Plaintiff while under the care of the facilities accelerated the deterioration of her health and physical condition beyond that caused by the normal aging process, and resulted in the physical and emotional injuries including, but not limited to:

(a)       Poor hygiene;

(b)       Failure to clean surgical wound;

(c)       Contraction of infections;

(d)       Contraction of MRSA; and

(e)       Unnecessary pain and suffering.

48.    Plaintiff also suffered unnecessary loss of personal dignity, pain and suffering, degradation, emotional distress and hospitalization, all of which were caused by the wrongful conduct of the Individual Defendants as alleged herein.

49.    The injuries described in this Third Amended Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination. As a result of these injuries, Plaintiff's health deteriorated.

## CLASS ALLEGATIONS FOR COUNTS IX - XXIII

50.    Carrie Johnson hereby brings her Class Action Counts at Count IX-XXIII on behalf of any and all citizens of the Commonwealth of Kentucky who received care at the Facility from January 1, 2014 to present and their legal representatives, to the extent applicable.  The class is specifically limited to those residents of the facility and their legal representatives, to the extent applicable, who were residents and domiciled with the intent to remain in the Commonwealth of Kentucky at the time of their residency, and continue to reside and be domiciled with the intent to remain in the Commonwealth of Kentucky. The class specifically excludes all persons who are citizens of any other state.

51.     As more particularly described below, Plaintiff and the putative class members were the victims of a fraudulent scheme and misrepresentations whereby Defendants misrepresented that they employed sufficient numbers of staff to care for residents including false representations and/or omissions in advertising materials, in publication of daily work attendance, in communications with consumers and family members, in applying for, obtaining, and continuing licensure and certification by the Commonwealth of Kentucky, and in submitting false information to the Commonwealth of Kentucky in order to falsely inflate their Five Star Rating, a rating system used by the public to compare the level of care provided in nursing homes.

52.     Accordingly, the "Plaintiffs" or "the Class" herein refers to Plaintiff and the putative class of residents and former residents as described more particularly above.

53.     The Class is so numerous that joinder of all members is impractical.

54.     There are questions of law or fact common to the Class.

55.     The claims or defenses of the representative, Carrie Johnson, are typical of the claims or defenses of the Class.

56.     Carrie Johnson, as a representative party, will fairly and adequately protect the interests of the Class.

57.     The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for any part opposing the Class.

58.     Adjudications with respect to the individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the

adjudications or substantially impair or impede their ability to protect their interest if this matter is not brought as a Class Action.

59.     The Class Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate, final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

60.     The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy.

61.     All injuries to the Class occurred in Lexington, Kentucky during the residency of the Class Members, at the location of Brookdale Richmond Place, SNF, located at 2770 Palumbo Drive, Lexington, KY 40509.

**CLASS FACTS FOR COUNTS IX-XXIII**

62.     As more particularly described above, during the relevant listed time periods, Defendants Ann Phillips and Benita Dickenson were employed by the Class Defendants.

63.     At all relevant times pertinent to this Complaint, Ann Phillips and Benita Dickenson were acting within the scope of their employment with the Class Defendants. Therefore, the Class Defendants are vicariously liable for the acts and omissions of these Class Defendants, who were in charge of submitting true, correct, and accurate information to the Commonwealth of Kentucky and consumers regarding the operation of the Facility.

64.     At all times pertinent to this Complaint, the Facility was certified to provide services through the Medicare and Medicaid programs and held a facility license provided by the Commonwealth of Kentucky.

65.     As part of that certification, the Class Defendants were subjected to annual and periodic certification and complaint survey health inspections administered by the Commonwealth of Kentucky Office of Inspector General [OIG].

66.     As part of that certification, the Class Defendants certified that they did, have, and will provide a certain level of staff to care for residents.

67.     Each and every time that OIG conducted an inspection, the Class Defendants were required to complete and submit, under penalty of perjury, CMS Forms 671 and 672 related to staffing and census at Brookdale Richmond Place to a Commonwealth of Kentucky OIG Inspector. The OIG Inspector then submitted this form to the United States Government Center for Medicare and Medicaid Services [CMS].

68.     CMS Form 671 required the Facility to submit accurate, true, complete, and correct information regarding the number of hours worked by direct care staff – registered nurses, licensed practical nurses, and certified nursing assistants – within a certain time period prior to the inspection.

69.     At all time periods pertinent to this Complaint, CMS used the information on CMS Form 671 to calculate a facility's Five Star Rating.

70.     The CMS Five Star Rating is a part of the CMS Nursing Home Compare Program. At all times pertinent to this Complaint, CMS aggregated data from nursing homes providing Medicare and Medicaid services in the areas of staffing and health inspections, as well as other key areas, and used a mathematical formula to assign a

numerical star to each nursing home. The stars available ranged from one star, being the lowest, to five stars, being the highest.

71.     At all times pertinent to this Complaint, CMS assigned a Five Star Rating for all direct care staffing combined ["Direct Care Five Star Rating"], a Five Star Rating for RN staffing only ["RN Five Star Rating"], and an overall Five Star Rating ["Overall Five Star Rating"] combining the staffing stars with other aggregated data.

72.     At all times pertinent to this Complaint, low performing health inspection scores could be offset by high staffing scores in the mathematical formula used to compute the overall Five Star Rating.

73.     At all times pertinent to this Complaint, the methodology and mathematical formulas used to compute the Five Star Rating were publicly available through CMS's website at https://www.cms.gov/medicare/provider-enrollment-and-certification/certificationandcomplianc/fsqrs.html.

74.     At all times pertinent to this Complaint, maintaining a high Five Star Rating was a requirement of Defendants Ann Phillips and Benita Boggs' employment with the Class Defendants.

75.     At all times pertinent to this Complaint, the Class Defendants' Five Star Rating for the facility was publicly available through CMS's Nursing Home Compare website, at www.medicare.gov/nursinghomecompare/search.html.

76.     The purpose of the Five Star Rating is to allow consumers to "compare the quality of care [nursing homes] provide and their staffing." *Id.*

77.     At all times pertinent to this Complaint, the Class Defendants knew the purpose of the Five Star Rating was to allow consumers to "compare the quality of care [nursing homes] provide and their staffing." *Id.*

78.     At all times pertinent to this Complaint, the Class Defendants knew that consumers like Plaintiff and the putative class members relied upon the Facility's Five Star Rating to determine whether to seek care at the Facility.

79.     At all times pertinent to this Complaint, the Class Defendants were required to obtain and maintain a nursing home facility license in order to operate in the Commonwealth of Kentucky.

80.     In order to obtain and maintain licensure and to operate in the Commonwealth of Kentucky, the Class Defendants were required to maintain compliance with all state statutes and administrative regulations affecting the licensure status of the facility and/or services provided, including 902 KAR 20:026.

81.     By operating in the Commonwealth of Kentucky with a valid license, the Class Defendants communicated to consumers that they were in compliance with all applicable Kentucky statutes and regulations regarding staffing and the provision of care, including 902 KAR 20:026.

82.     At all times pertinent to this Complaint, the Class Defendants were not in compliance with Kentucky statutes and regulations because the Class Defendants did not have a certain level of staff to provide care for its residents.

83.     At all times pertinent to the Complaint, the Class Defendants also communicated to consumers that the facility had a certain level of staff through the following mediums of communication:

   a.   Advertising materials;

   b.   Publication of daily work attendance;

   c.   Communications with consumers and family members.

84.    Plaintiff and the putative class members did so rely upon the representations described in ¶¶ 40-61, including the Facility's Direct Care Five Star Rating, RN Five Star Rating, and Overall Five Star Rating in deciding to admit themselves and their loved ones to the Facility.

85.    By admitting themselves and their loved ones to the facility in Lexington, Kentucky, Plaintiff and the putative class members believed that the Facility contained a certain level of staff to provide critical care for residents. Plaintiff and the putative class members entered the Facility and paid for services based on the Class Defendants' representations regarding the certain level of staff present in the building to care for residents.

86.    The Class Defendants caused Plaintiff and the putative class members to believe that the Facility contained a certain level of staff to provide critical care for residents.

87.    At all times pertinent to this Complaint, the Class Defendants knew the methodology and mathematical formula used to compute the Five Star Rating.

88.    At all times pertinent to this Complaint, the Class Defendants knew that the licensure requirements of the Commonwealth of Kentucky required a certain number of staff to adequately staff the Facility.

89.    At all times pertinent to this Complaint, the Class Defendants knew that the basis to compute the Direct Care Five Star Rating, RN Five Star Rating and the Overall Five Star Rating was the information submitted by Defendants to the Commonwealth of Kentucky on CMS Form 671.

90.    During the relevant time periods discussed above, Benita Dickenson and Ann Phillips intentionally and recklessly overinflated the number of hours worked by

direct care staff, including RNs, on CMS Form 671 so that Plaintiff and the putative class members would admit themselves and their loved ones to the facility.

91.     In 2016, in her role as Administrator, Benita Dickenson signed severely overinflated CMS Forms 671 and submitted those forms to the Commonwealth of Kentucky. Despite the forms severely overinflating the staffing numbers in the building, Ms. Dickenson's signature certified that these forms were true and accurate.

92.     Upon information and belief, in their roles as Administrator and Executive Director, Benita Dickenson and Ann Phillips signed and/or approved of severely overinflated CMS Forms 671 between 2014 and April, 2018. Despite the forms severely overinflating the staffing numbers in the building, these signature certified that these forms were true and accurate.

93.     These severely overinflated CMS Forms 671 caused the Facility to have a higher star rating than it otherwise would have had.

94.     During the relevant time periods discussed above, the Class Defendants intentionally and recklessly overstated the number of staff in the Facility via advertising materials, publication of daily work attendance, communications with consumers and family members, and by holding itself out as a licensed facility so that Plaintiff and the putative class members would admit themselves and their loved ones to the facility.

95.     If the Class Defendants had truthfully and accurately reported the actual staffing in the Facility, the Facility's star rating would have been demonstrably lower at all time periods and the Plaintiffs and their family members would have been told that there was inadequate staffing in the Class Defendants' facility.

96.     Plaintiff and the putative class members paid for services at the Facility in reliance upon Defendants' representations regarding staffing.

97.     At all times pertinent to this Complaint, Plaintiff and the putative class members did not receive the staffing services they paid for while residents of the Facility.

98.     At all times pertinent to this Complaint, the staffing levels fell below the standard of care required to provide care to the Facility's residents.

99.     As a result, Plaintiff and the putative class members suffered injury in the amount of the difference between the services they paid for versus the services they actually received, as well as other damages as more fully set forth in the Prayer for Relief.

100.     Additionally, at all times pertinent to this Complaint, the Class Defendants were required to submit annual Nursing Facility Cost Reports, CMS Form 2540-10, to CMS, disclosing how much the Class Defendants spent on direct care staff at the Facility in the prior fiscal year.

101.     In order to hide the fraudulent staffing numbers submitted in CMS Form 671 and misrepresentations more particularly described in ¶¶ 40-61, Defendants overreported the amount they spent on direct care staffing by millions of dollars per year.

102.     The overreported money was not spent on direct care staffing, but rather, was siphoned out of the Facility to the other named corporate Class Defendants, as part of the scheme to defraud the Plaintiff and putative class members.

103.     All of the Class Defendants' acts and omissions described above was intentional and reckless.

104.     All Class Defendants took the actions and omissions described above jointly, as part of a conspiracy and enterprise to defraud the Plaintiff and the putative class members.

105.    As a result of the Class Defendants' acts and omissions, Defendants have caused Plaintiff and the putative class members harm, as more fully described in the Prayer for Relief.

## COUNT I
## NEGLIGENCE
### (Individual Defendants)

106.    The Individual Defendants owed a non-delegable duty to Plaintiff to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

107.    Upon information and belief, the Individual Defendants knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Plaintiff.

108.    The Individual Defendants failed to deliver care, services and supervision including, but not limited to, the following acts and omissions:

(a)    Failure to:

1.    Ensure that the rules and regulations designed to protect the health and safety of the residents, such as Plaintiff, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care, were enforced;

2.    Ensure compliance with the resident care policies for the facilities; and

3.    Ensure that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

(b)    Failure to provide a facility that was sufficiently staffed with personnel who were properly qualified and trained;

(c)    Failure to follow Plaintiff's written care plan and/or doctor's orders;

(d)     Failure to notify Plaintiff's doctors and/or family members when Plaintiff experienced changes in condition;

(e)     Failure to provide the minimum number of qualified personnel to meet the total needs of Plaintiff;

(f)     Failure to maintain all records on Plaintiff in accordance with accepted professional standards and practices;

(g)     Failure to ensure that Plaintiff received adequate and proper supervision;

(h)     Failure to increase the number of personnel at the facility to ensure that Plaintiff received timely and appropriate custodial care including, but not limited to, bathing, grooming, incontinent care and personal attention to her hydration needs;

(i)     Failure to have in place adequate guidelines, policies and procedures of the facility to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

(j)     Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

(k)     Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Plaintiff in proportion to her particular physical and mental ailments, known or discovered, by the exercise of reasonable skill and diligence; and

(l)     Failure to provide proper care consistent with standards applicable to Defendants.

109.   A reasonably careful nursing facility would have provided the care listed above. It was foreseeable that these breaches of ordinary care would result in and did, in fact, result in serious injuries to Plaintiff. With regard to each of the foregoing acts of negligence, the Individual Defendants acted with oppression, fraud and malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Plaintiff.

110.    Pursuant to KRS 446.070, Plaintiff also alleges that the Individual Defendants violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Plaintiff was injured by the statutory violations of Defendants and was within the class of persons for whose benefit the statutes were enacted. The negligence *per se* of the Individual Defendants includes, but is not limited to, violation(s) of the following:

(a)    Violation(s) of KRS 209.005 *et seq.* and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Plaintiff.

(b)    Violation(s) of KRS 508.090 *et seq.,* criminal abuse, by committing intentional, wanton, reckless abuse of Plaintiff, who was physically and mentally helpless, or permitting Plaintiff, a person of whom Defendant had actual custody, to be abused. Such abuse caused serious physical injury and/or caused torture, cruel confinement or cruel punishment of Plaintiff. Such acts are actionable under the provisions of KRS 446.070 *et seq.;*

(c)    Violation(s) of KRS 530.080 *et seq.,* endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Plaintiff, who was unable to care for herself because of her illness. Such acts are actionable under the provisions of KRS 446.070 *et seq.;*

(d)    Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable Federal laws and regulations governing the certification of long-term care facilities under Titles XVIII and/or XIX of the Social Security Act.

111.    As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Plaintiff suffered egregious injuries. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Individual Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish,

hospitalizations, unnecessary loss of personal dignity in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT II
## MEDICAL NEGLIGENCE
### (Individual Defendants)

112.     Plaintiff realleges, reavers, reiterates and incorporates herein by reference each and every preceding paragraph of this Third Amended Complaint as if set forth fully herein.

113.     The Individual Defendants had a duty to provide the standard of professional care and services of a reasonably competent facilities acting under the same or similar circumstances.

114.     The Individual Defendants failed to meet applicable standards of care. The negligence or malpractice of Defendants included, but was not limited to, the following acts and omissions:

(a)     The overall failure to ensure that Plaintiff received the following:

1)     timely and accurate care assessments;

2)     prescribed treatment, medication and diet;

3)     necessary supervision; and,

4)     timely nursing, dietary and medical intervention due to a significant change in condition;

(b)     The failure to provide sufficient numbers of qualified personnel including nurses, licensed practical nurses, certified nurses assistants, and medication aides to meet the total needs of Plaintiff throughout her residency/stay;

(c)     Failure to provide and implement an adequate nursing care plan based on the needs of Plaintiff;

(d)    Failure to ensure that Plaintiff was not deprived of the services necessary to  maintain her health and welfare;

(e)    Failure to provide care, treatment and medication in accordance with physician's orders;

(f)    Failure to adequately and appropriately monitor Plaintiff and recognize significant changes in her health status, and to timely notify her physician of significant changes in her health status;

(g)    The failure to maintain all records on Plaintiff in accordance with accepted standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate plans of care and treatment;

(h)    Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Plaintiff in proportion to her particular physical ailments, known or discoverable by the exercise of reasonable skill and diligence;

(i)    Failure to have in place adequate guidelines, policies, and procedures of the facilities and to administer those policies through enforcement of any rules, regulations, by-laws, or guidelines;

(j)    Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facilities;

(k)    Failure to inform the physician and family of significant changes in condition;

(l)    Failure to adequately, timely, and appropriately educate and inform The caregivers at the facilities of the needs, level of assistance, and prescribed care and treatment for Plaintiff;

(m)    Failure to increase the number of personnel at the facilities to ensure that Plaintiff received timely and appropriate custodial care, including, but not limited to, supervision and personal attention;

115.    It was foreseeable that the breaches of care listed above would result in serious injuries to Plaintiff. A reasonably competent healthcare facility acting under the same or similar circumstances would not have failed to provide the care listed above.

116.    With regard to each of the foregoing acts of professional or medical negligence, the Individual Defendants acted with oppression, fraud, malice or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Plaintiff.

117.    As a direct and proximate result of such negligence, oppression, fraud, malice or gross negligence, Plaintiff suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Individual Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, unnecessary loss of personal dignity and loss of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

### COUNT III
### CORPORATE NEGLIGENCE
### (Individual Defendants)

118.    Plaintiff realleges, reavers, reiterates and incorporates herein by reference each and every preceding paragraph of this Third Amended Complaint as if set forth fully herein.

119.    Plaintiff was looking to the Individual Defendants' facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her for her problems. The Individual Defendants and/or persons or entities under its control, or to the extent Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Plaintiff, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

120.     The Individual Defendants owed a non-delegable duty to assist Plaintiff in attaining and maintaining the highest level of physical, mental and psychological well-being.

121.     The Individual Defendants owed a duty to Plaintiff to maintain the facility, including hiring, supervising and retaining nurses and other staff employees.

122.     The Individual Defendants owed a duty to Plaintiff to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, bylaws or guidelines which were adopted by the Individual Defendants to ensure smoothly-run facilities and adequate resident care.

123.     The Individual Defendants owed a duty to Plaintiff to provide a safe environment, treatment and recovery and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Plaintiff from danger due to her inability to care for herself.

124.     The Individual Defendants breached all of these duties.

125.     The Individual Defendants breached all of these duties by engaging in deliberate withholding or manipulation of funds.

126.     With regard to each of the foregoing acts of negligence, the Individual Defendants acted with oppression, fraud and malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Plaintiff.

127.     As a direct and proximate result of such oppression, fraud, malice or gross negligence, Plaintiff suffered the injuries described herein. Plaintiff asserts a claim for

judgment for all compensatory and punitive damages against the Individual Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, hospitalizations, and unnecessary loss of personal dignity in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

**COUNT IV**
**VIOLATIONS OF LONG-TERM CARE RESIDENTS' RIGHTS**
**(All Defendants)**

128.    Plaintiff realleges, reavers, reiterates and incorporates herein by reference each and every preceding paragraph of this Third Amended Complaint as if set forth fully herein.

129.    The Individual Defendants violated statutory duties owed to Plaintiff as a resident of a long-term care facility, Kentucky Revised Statutes 216.510, *et seq*. These statutory duties were non-delegable.

130.    The violations of the resident's rights of Plaintiff included:

(a)    Violation of the right to be treated with consideration, respect and full recognition of her dignity and individuality;

(b)    Violation of the right to have a responsible party or family member or her guardian notified immediately of any accident, sudden illness, disease, unexplained absence or anything unusual involving the resident;

(c)    Violation of the right to be suitably dressed at all times and given assistance when needed in maintaining body hygiene and good grooming;

(d)    Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

(e)    Violation of the right to be free from abuse and neglect; and

(f)   Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable Federal laws and regulations governing the certification of long-term care facilities under Titles XVII and/or XIX of the Social Security Act.

131.   As a result of the aforementioned violations of the Resident's Rights Statutes by the Individual Defendants, pursuant to KRS Section 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

132.   With regard to the aforementioned violations of the Resident's Rights Act, the Defendants acted with oppression, fraud, malice or were grossly negligent by acting with wanton and reckless disregard for the rights of Plaintiff and, pursuant to KRS Section 216.515(26), Plaintiff is entitled to punitive damages from the Individual Defendants in an amount to be determined by the jury but in excess of the minimum jurisdictional limits of this Court.

**COUNT V**
**NEGLIGENCE**
**(Ann Phillips in her Capacity as Executive Director and Administrator Of Brookdale Richmond Place)**

133.   Plaintiff realleges, reavers, reiterates and incorporates herein by reference each and every preceding paragraph of this Third Amended Complaint as if set forth fully herein.

134.   Upon information and belief, Ann Phillips was the Executive Director and Administrator of Brookdale Richmond Place during Plaintiff's residency.

135.   As a nursing home administrator licensed by the Commonwealth of Kentucky, Ann Phillips owed ordinary duties of care to Plaintiff, as well as professional

duties and statutory duties owed to residents by licensed nursing home administrators in this state, pursuant to the Nursing Home Administrators Licensure Action of 1970, codified as Kentucky Revised Statutes sections 216A.010 et seq.

136.   As a holder of a nursing home administrator's license, Ann Phillips was legally and individually responsible for the operation of the facility and the welfare of its residents pursuant to Chapter 216A of the Kentucky Revised Statutes and Title 201, Chapter 6 of the Kentucky Administrative Regulations.

137.   As Administrator, Ann Phillips was also responsible for the total management of the facility pursuant to Federal law.

138.   Administrator Ann Phillips management responsibilities included ensuring that the facility operated and provided services in compliance with all applicable Federal, state and local laws, regulations and codes and was within accepted professional standards and principles.

139.   Administrator Ann Phillips breached the duties of ordinary care owed to Plaintiff as administrator and failed to operate, manage or administer the facility and omissions including, but not limited to, the following:

   (a)   The failure to provide sufficient number of qualified personnel to meet the total needs of Plaintiff throughout her residency and to ensure that Plaintiff:

      1.   Received timely and accurate care assessments;

      2.   Received prescribed treatment, medication and diet; and

      3.   Was protected from accidental injuries by the correct use of ordered and reasonable safety measures.

   (b)   The failure to adequately screen, evaluate and test for competence in selecting personnel to work at the facility;

(c)    The failure to ensure that Plaintiff was provided with basic and necessary care and supervision;

(d)    The failure to ensure that Plaintiff attained and maintained her highest level of physical, mental and psychological well-being;

(e)    The failure to ensure that Plaintiff received care, treatment and medication as prescribed or in accordance with physician's orders;

(f)    The failure to ensure that Plaintiff was treated with the dignity and respect that all nursing home residents are entitled to receive;

(g)    The failure to provide a safe environment for Plaintiff;

(h)    The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

(i)    The failure to discipline or terminate employees at the facility assigned to Plaintiff that were known to be careless, incompetent and unwilling to comply with the policies and procedures of the facility and the rules and regulations promulgated by the Cabinet for Health Services;

(j)    The failure to adopt guidelines, policies and procedures for:

    1.    Investigating the relevant facts, underlying deficiencies or licensure violations or penalties found to exist at the facility by the Cabinet for Health Services or any other authority;

    2.    Determining the cause of any such deficiencies, violations or penalties;

    3.    Establishing the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility;

    4.    Determining whether the facility had sufficient numbers of personnel to meet the total needs of Plaintiff; and

    5.    Documenting, maintaining files, investigating and responding to any complaint regarding the quality of resident care or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person.

(k)     The failure to provide nursing personnel sufficient in number to provide proper treatment and assessment to Plaintiff and other residents.

(l)     The failure to provide adequate supervision to the nursing staff so as to ensure that Plaintiff received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments and skin care to prevent infection, and sufficient nursing observation and examination of the responses, symptoms and progress in the physical condition of Plaintiff;

(m)    The failure to maintain all records on Plaintiff in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible and systematically organized with respect to her diagnoses, treatment and appropriate care plans of care and treatment.

140.    A reasonably careful nursing home administrator would have provided the care listed above. It was foreseeable that these breaches of ordinary care would result and did, in fact, result in serious injury to Plaintiff. Each of the foregoing acts of negligence on the part of Administrator Ann Phillips was accompanied by such wanton or reckless disregard for the health and safety of Plaintiff as to constitute gross negligence.

141.    Additionally, the failure of Administrator Ann Phillips to operate, manage or administer the facility in compliance with Federal, state and local laws, regulations and codes intended to protect nursing home residents included, but was not limited to:

(a)     The failure to ensure compliance with rules and regulations of the Cabinet for Health Services, pursuant to Chapters 216, 216B and 13A of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder, and the Federal minimum standards imposed by the United States Department of Health and Human Services;

(b)     The failure to ensure compliance with laws and regulations promulgated by the Cabinet for Health Services to provide minimum number of staff necessary to assist Plaintiff with her needs;

(c)     The failure to ensure compliance with laws and regulations of the Board of Licensure for Nursing Home Administrators pursuant to the Nursing Home Administrator Licensure Act of 1970, Kentucky Revised Statutes sections 216A.010 et seq.;

(d)     The failure to provide the necessary care and services to attain or maintain the highest practicable physical, mental and psychosocial well-being of Plaintiff, and in accordance with the comprehensive assessment and plan of care created at the facility;

(e)     The failure to provide sufficient nursing staff and nursing personnel to provide adequate and appropriate nursing care to Plaintiff in accordance with the resident care plan generated at the facility;

(f)     The failure to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Plaintiff;

(g)     The failure to ensure a nursing care plan based on Plaintiff's problems and needs was established which contained measurable objectives and time tables to meet her medical, nursing, mental and psychosocial needs as identified in her comprehensive assessment, which was reviewed and revised when Plaintiff's needs changed;

(h)     The failure to notify Plaintiff's family and physician of a need to alter her treatment significantly;

(i)     The failure to provide a safe environment; and

(j)     The failure to ensure that Plaintiff maintained acceptable parameters of nutritional status and received a therapeutic diet throughout her residency.

142.    Plaintiff was a member of a class intended to be protected by the above laws and regulations. The injuries sustained by Plaintiff arose from events those laws and regulations were designed to prevent.

143.    It was foreseeable that these breaches of statutory duties would result in serious injuries to Plaintiff. Each of the foregoing acts of negligence *per se* on the part of

Ann Phillips, in her capacity as Administrator, was accompanied by such wanton or reckless disregard for the health and safety of Plaintiff as to constitute gross negligence.

144.   As a direct and proximate cause of such grossly negligent, wanton or reckless conduct, Plaintiff suffered the injuries described above, and Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant, Benita Dickenson, in her capacity as Administrator of the facility including, but not limited to, medical expenses, pain and suffering, mental anguish, and disability, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

## COUNT VI
## BREACH OF CONTRACT
## (Individual Defendants)

145.   Plaintiff realleges, reavers, reiterates and incorporates herein by reference each and every preceding paragraph of this Third Amended Complaint as if set forth fully herein.

146.   Plaintiff entered into a contract with Brookdale Richmond Place to provide services in the facility by taking care of and ensuring the safety and well-being of Plaintiff

147.   The Individual Defendants breached the contract by and through their agents, representatives and employees, by failing to provide care that met the standard of care for a reasonable nursing home engaged in caring for residents like Plaintiff.

148.   As a direct and proximate result of the Individual Defendants' breach of contract, the Plaintiff has been caused to suffer damages.

## COUNT VII
## PUNITIVE DAMAGES
## (Individual Defendants)

149.    Plaintiff realleges, reavers, reiterates and incorporates herein by reference each and every preceding paragraph of this Third Amended Complaint as if set forth fully herein.

150.    The conduct of each of the Individual Defendants in Count I-IV *supra* was so grossly negligent that Plaintiff is entitled to an award of punitive damages.

## COUNT VIII
## CAUSATION AND DAMAGES

151.    Plaintiff realleges, reavers, reiterates and incorporates herein by reference each and every preceding paragraph of this Third Amended Complaint as if set forth fully herein.

152.    As a direct and proximate result of all of the Individual Defendants' conduct as set forth in the preceding paragraphs above, Plaintiff has been caused to suffer and will suffer in the future the following damages:

(a)    Past, present, and future mental pain and suffering;

(b)    Past, present, and future medical bills and medical expenses;

(c)    Actual, consequential, incidental, and foreseeable damages;

(d)    Increased likelihood of future harm;

(e)    Loss of earning capacity; and

(f)    Attorneys' fees, costs and expenses.

## COUNT IX
## FRAUD IN THE INDUCEMENT – Class Defendants

153.    Plaintiffs repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

154.    Prior to placing themselves and their loved ones in the Class Defendants' Facility, and during the time that they and their loved ones were residents at Class

Defendants' Facility, Class Defendants made material representations to Plaintiff and the putative class members, including but not limited to representations regarding the level of staffing at Class Defendants' facility.

**155.**  Class Defendants made these representations to induce Plaintiff and the putative class members to become residents of the Facility and to remain in the Facility in exchange for remuneration, knowing that the representations were untrue, that the staffing levels in the Facility were actually much lower, and that care in the facility was inadequate and below the standard of care.

**156.**  Alternatively, Class Defendants made these material representations recklessly.

**157.**  Class Defendants knew or should have known these representations were false.

**158.**  Class Defendants falsely made these material misrepresentations to induce the Plaintiff and the putative class members to become residents of the Facility and to remain in the Facility in exchange for remuneration and thereby defraud them of the true value of the services actually paid for.

**159.**  Plaintiff and the putative class members reasonably and justifiably relied on the Class Defendants' representations in becoming residents of the facility.

**160.**  As a result of the fraudulent misrepresentations made by Class Defendants, Plaintiff and the putative class members were induced to become residents of the facility, and did not receive the level of staffing for which they paid or which the standard of care required.

161.  As a direct and proximate result of the Class Defendants' misrepresentations, the Plaintiffs have been caused to suffer damages.

## COUNT X
## FRAUDULENT MISREPRESENTATION, CONCEALMENT, AND NONDISCLOSURE – Class Defendants

**162.**    Plaintiff and the putative class members repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

**163.**    The Class Defendants fraudulently and intentionally made false representations of fact, opinion, intention, and/or law. These fraudulent misrepresentations included misrepresentations that direct care staffing and RN staffing was much higher in the Facility than it, in fact, was.

**164.**    Moreover, through concealment and other actions, Class Defendants intentionally prevented Plaintiff and the putative class members from acquiring material information regarding the actual level of staffing in the Facility. Class Defendants occupy a special and/or fiduciary relationship to Plaintiff and the putative class members. This concealment and nondisclosure subjects Class Defendants to the same liability as if they had made overt statements.

**165.**    These misrepresentations, concealments, and nondisclosures prevented Plaintiff and the putative class members from receiving adequate care, and from receiving the true level of staffing actually paid for.

**166.**    These misrepresentations concealments, and nondisclosures were made for the purpose of inducing the Plaintiff and putative class members to act and/or to refrain from acting.

**167.**    The Plaintiff and putative class members reasonably and justifiably relied upon these misrepresentations, concealments, and nondisclosures in their actions and/or inactions.

**168.** Class Defendants knew that Plaintiff and putative class members were relying on these misrepresentations, concealments, and nondisclosures; Defendants continued to make these misrepresentations, concealments, and nondisclosures, and continued to financially benefit from them.

**169.** Alternatively, Class Defendants made these misrepresentations, concealments, and nondisclosures recklessly.

170.   As a direct and proximate result of the Class Defendants' deceit, the Plaintiff and putative class members have been caused to suffer damages.

<u>**COUNT XI**</u>
**NEGLIGENT MISREPRESENTATION – Class Defendants**

**171.** Plaintiffs repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

**172.** Class Defendants, in the course of their business, their employment, and their special relationship with the Plaintiff and putative class members, supplied false information to the Plaintiff and putative class members that staffing in the Facility was adequate, and was much higher than it actually was.

**173.** The false information induced the Plaintiff and putative class members to become residents and remain residents at Class Defendants' Facility.

**174.** The Plaintiff and putative class members reasonably and justifiably relied upon this false information.

**175.** In providing this false information to the Plaintiff and putative class members, Class Defendants failed to exercise reasonable care or competence in obtaining or communicating the information.

176.     As a direct and proximate result of the Class Defendants' negligent misrepresentation, the Plaintiffs have been caused to suffer damages.

## COUNT XII
### NEGLIGENCE – Class Defendants

**177.**     Plaintiffs repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

**178.**     Class Defendants negligently failed to disclose the true level of their staffing to consumers via all the methods and manner of communication described herein.

**179.**     As a direct and proximate result of the Class Defendants' negligence, the Plaintiffs have been caused to suffer damages.

## COUNT XIII
### BREACH OF CONTRACT – Class Defendants

103.     Plaintiffs repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

104.     Plaintiff and the putative class members entered into a contract with Class Defendants to provide services in the facility by taking care of and ensuring the safety and well-being of Plaintiff and the putative class members.

105.     Class Defendants breached the contract by and through their agents, representatives and employees when they failed to provide the promised level of staffing, causing Plaintiff and the putative class members injury.

106.     As a direct and proximate result of the Class Defendants' breach of contract, the Plaintiff has been caused to suffer damages.

## COUNT XIV
### CONTRACTUAL BREACH OF FIDUCIARY DUTY – Class Defendants

107.    Plaintiffs repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

108.    Class Defendants contracted to undertake a fiduciary duty with respect to Plaintiff and the putative class members.

109.    This duty included the duties of loyalty, care, good faith, honesty, and disclosure.

110.    Class Defendants breached the contractual fiduciary duties owed to Plaintiff and the putative class members by wrongfully misrepresenting the actual level of staffing present in the Facility through all the manners and methods described here.

111.    As a direct and proximate result of the Class Defendants' breach of their contractual fiduciary duties, the Plaintiff and the putative class members have been caused to suffer damages.

### COUNT XV
### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING – Class Defendants

112.    Plaintiffs repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

113.    Any and all agreements between the parties contained an Implied Covenant of Good Faith and Fair Dealing.

114.    The Class Defendants acted in bad faith by wrongfully misrepresenting the actual level of staffing present in the Facility through all the manners and methods described herein.

115.    As a direct and proximate result of the Class Defendants' breach of the Implied Covenant of Good Faith and Fair Dealing, the Plaintiff and the putative class members have been caused to suffer damages.

**COUNT XVI**
**UNJUST ENRICHMENT – Class Defendants**

116.    Plaintiffs repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

117.    Through Class Defendants' scheme to avoid disclosing the true number of staff in the Facility as described more fully above, a benefit was conferred upon Class Defendants at the Plaintiffs' expense.

118.    The Class Defendants knew of and appreciated this benefit.

119.    The Class Defendants' retention of this benefit without payment for this value is inequitable.

**COUNT XVII**
**VIOLATION OF CONSUMER PROTECTION ACT – Class Defendants**

120.    Plaintiffs repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

121.    Class Defendants violated KRS 367.170 by engaging in unfair, false, misleading or deceptive acts or practices in the conduct of its business.

116.    As more particularly described in the fact section detailed above, Class Defendants engaged in such conduct by wrongfully misrepresenting the actual level of staffing present in the Facility through all the manners and methods described herein.

117.    Class Defendants' actions were intentional and/or grossly negligent.

118.    Plaintiff and the putative class members purchased the services of Class Defendants' Facility as a result of Class Defendants unfair, false, misleading, or deceptive acts, and have suffered an ascertainable loss.

122.    Pursuant to KRS 367.220, Plaintiff is entitled to damages, attorneys' fees, actual damages, punitive damages and equitable relief.

## COUNT XVIII
## VIOLATION OF A "SPECIAL RELATIONSHIP" – CLASS DEFENDANTS

123.    Plaintiffs repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

124.    Class Defendants position as Plaintiff's and the putative class members' care provider constitutes a special relationship under Kentucky law.

125.    This special relationship imposes an affirmative duty on these Class Defendants to act with the utmost good faith, to speak fairly and truthfully at the peril of being held liable for damages for fraud and deceit, and to fully disclose their findings on examination and the opinions they hold.

126.    These Class Defendants breached these duties, thereby causing injuries and damages to the Plaintiff and the putative class members.

## COUNT XIX
## CIVIL CONSPIRACY – Class Defendants

127.    Plaintiffs repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

128.     Upon information and belief, all Class Defendants willfully joined in an agreement to prevent the disclosure of the true number of direct care staff staffing the facility, and thereby reap the monies that should have been paid to adequately staff the building consistent with the standard of care and the expectations of consumers, and the expectations of the Commonwealth of Kentucky.

129.    These entities shared a common goal of evading liability and defrauding residents, including the Plaintiff and putative class members herein, in order to reap greater profits from their operations.

130.    With the knowledge and approval of its co-conspirators, Class Defendants performed overt acts and omissions to harm the Plaintiff and also performed overt acts to evade liability for said negligent acts.

131.    The Plaintiffs have suffered damages as a result.

## COUNT XX
## JOINT ENTERPRISE – Class Defendants

132.    Plaintiffs repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

133.    The Class Defendants were engaged in a joint enterprise with respect to the allegations herein.

134.    Upon information and belief, all Class Defendants willfully joined in an agreement to prevent the disclosure of the true number of direct care staff staffing the facility, and thereby reap the monies that should have been paid to adequately staff the building consistent with the standard of care, the expectations of consumers, and the expectations of the Commonwealth of Kentucky.

135.    There was a common pecuniary interest amongst these Class Defendants.

136.    These Class Defendants each had a voice and/or role in the execution of their common purpose.

137.    Accordingly, these Class Defendants should be joint and severally liable for the damages incurred by the Plaintiffs.

## COUNT XXI

## CONCERT OF ACTION – Class Defendants

138.    Plaintiffs repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

139.   Upon information and belief, all Class Defendants willfully joined in an agreement to prevent the disclosure of the true number of direct care staff staffing the facility, and thereby reap the monies that should have been paid to adequately staff the building consistent with the standard of care, the expectations of consumers, and the expectations of the Commonwealth of Kentucky.

140.   Accordingly, these Class Defendants should be joint and severally liable for the damages incurred by the Plaintiffs.

## COUNT XXII
### PUNITIVE DAMAGES – Class Defendants

141.   Plaintiffs repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

142.   Each of the Class Defendants, acting individually, jointly and in concert, were grossly negligent to Plaintiffs and Plaintiffs are, therefore, entitled to punitive damages against each.

## COUNT XXIII
### ATTORNEYS' FEES – Class Defendants

143.   The Plaintiffs adopt and incorporate herein by reference each and every preceding paragraph of this Complaint as though set forth fully herein.

144.   The Plaintiffs request an award of all attorneys' fees expended in this matter pursuant to *Mo-Jack Distrib., LLC v. Tamarak Snacks, LLC,* 476 S.W.3d 900 (Ky. App. 2015), under the equitable rule that an award of counsel fees is within the discretion of the court, depending on the circumstances of each particular case.

145.   The Plaintiffs are also due an award of attorneys' fees under various claims fully pled above.

## COUNT XXIV

## CAUSATION, DAMAGES, AND PRAYER FOR RELIEF FOR COUNTS IX – XXIII – CLASS DEFENDANTS

146.     Plaintiffs repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

147.     As a direct and proximate result of the Class Defendants' conduct, Plaintiffs have been caused to suffer damages, and are entitled to equitable relief and monetary damages based on both statutory and common law violations, including but not limited to:

(a)     The difference between the amount paid for care based on Defendants' misrepresentation of staffing levels, minus the value of care received at Defendants' actual staffing levels, including income received by Defendants on this difference, and penalties and interest as a result of this difference;

(b)     Compensatory damages;

(c)     Actual, incidental, and foreseeable damages;

(d)     Rescissory damages;

(e)     Punitive damages as a result of the willful, wanton and grossly negligent conduct of the Defendants.

(f)     Mental anguish;

(g)     Attorneys' fees;

(h)     Costs;

(i)     Pre- and post-judgment interest;

(j)     All equitable relief the Court may deem appropriate;

WHEREFORE, Plaintiff, Carrie Johnson in her individual capacity and on behalf of all others similarly situated, prays the Court as follows:

1.    For a judgment against the Defendants, jointly and severally, with the Plaintiffs reserving the right to advise the trier of fact as to what amounts are fair and reasonable as shown by the evidence;

2.    For a trial of this cause by a jury;

3.    That Plaintiffs be awarded all of the damages enumerated above, including attorneys' fees, costs herein expended, actual, incidental, consequential, compensatory, punitive, foreseeable and any and all other damages and equitable relief that may be appropriate; and

4.    Pre-judgment and post-judgment interest; and

5.    Any and all other relief to which this Court may deem Plaintiffs to be entitled.

Respectfully submitted,

GOLDEN LAW OFFICE, PLLC

_____

J. Dale Golden
Justin S. Peterson
Laraclay Parker
771 Corporate Drive, Suite 750
Lexington, Kentucky 40503
Telephone:   (859) 469-5000
Facsimile:    (859) 469-5001
dgolden@goldenlawoffice.com
jpeterson@goldenlawoffice.com
lparker@goldenlawoffice.com
COUNSEL FOR PLAINTIFF, CARRIE
JOHNSON, IN HER INDIVIDUAL CAPACITY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

Respectfully submitted,

GOLDEN LAW OFFICE, PLLC

_____

J. Dale Golden
Justin S. Peterson
Laraclay Parker
771 Corporate Drive, Suite 750
Lexington, Kentucky 40503
Telephone:    (859) 469-5000
Facsimile:    (859) 469-5001
dgolden@goldenlawoffice.com
jpeterson@goldenlawoffice.com
lparker@goldenlawoffice.com
COUNSEL FOR PLAINTIFF

4816-8815-5710, v. 1