UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| CARRIE JOHNSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 5: 19-064-DCR |
| ) | |
| V. ) | |
| ) | |
| BLC LEXINGTON SNF, LLC, d/b/a ) | **MEMORANDUM OPINION** |
| Brookdale Richmond Place SNF, *et al.*, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

*** *** *** ***

The parties have filed several motions to exclude expert testimony in this matter. This opinion focuses on three motions related to Plaintiff Carrie Johnson's medical negligence claims. She has filed a motion to exclude the expert testimony and report of Shannon Holy MSN, BSN, RN, LNCC and L. Edward Roberts Jr., MD [Record Nos. 272 and 273] as well as a motion *in limine* to exclude the defendants from presenting evidence on the cause of Johnson's dehiscence and infection. [Record No. 270] For the reasons discussed below, the Court will grant the plaintiff's motion to exclude the report and expert testimony of Holy as well as her motion to exclude the defendants from presenting evidence regarding her dehiscence and infection but deny the motion to exclude the report and testimony of Roberts.

I.

Johnson was admitted to BLC Lexington, SNF, LLC, on October 20, 2017, and remained in the facility until November 9, 2017. She was admitted for rehabilitation and post-operative wound care following back surgery at Saint Joseph Hospital. Johnson later suffered

- 1 -

a post-surgical infection and was re-admitted to Saint Joseph Hospital for wound care. She filed this lawsuit based on the alleged lack of care (or lack of care) she received from BLC Lexington, SNF, LLC, and for alleged fraudulent actions of the defendants.

The Court previously denied Johnson's motion to certify the matter as a class action and dismissed her claims on behalf of the class. Johnson's remaining individual claims include negligence (Count I), medical negligence (Count II), corporate negligence (Count III), and violation of long-term care residents' rights (Count IV). Additionally, the claim of negligence *per se* under Section 216B contained in Count V also remains pending.

The parties have filed multiple motions to exclude evidence of different experts. Additionally, the defendants have three remaining summary judgment motions. This opinion addresses the three pending motions to exclude and motions *in limine* related to Johnson's medical negligence claims.

## II.

### i.  Shannon Holy

Johnson seeks to exclude Holy's expert testimony and corresponding report because she contends that it does not meet the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Rule 26(a)(2)(B) provides:

> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;

>(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>(vi) a statement of the compensation to be paid for the study and testimony in the case.

The Sixth Circuit has explained that expert reports "must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (internal citations and quotations omitted). Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence at a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Johnson contends that Holy's report lacks the basis and reasons for her opinion. [Record No. 272] She asserts that the report does not include a complete statement of all opinions and the bases and reasons for them. The defendants counter that Holy does not need to define or analyze standard of care issues, but just offer an alternate opinion.

Holy's expert report lists her experience as a nurse in long-term care facilities, includes bulleted lists of documents that she reviewed in forming her opinion, and a summary of the case. Finally, her opinion summary states,

>[i]n conclusion, the staff at Brookdale Richmond Place intervened providing appropriate care to meet Carrie Johnson's medical and nursing needs. The nursing staff monitored her clinical condition notifying the physician when warranted. Nursing interventions were implemented appropriately and timely according to physician orders and care plans. It is my opinion that the staff at Richmond Place complied with the applicable standard of care and acted reasonably and prudently in the care Carrie Johnson. Although documentation of Ms. Johnson's surgical wound could have been better, I do not believe this had any impact on Ms. Johnson's outcome. Further, I am in agreement with Dr.

> John Bowblis' report and conclusions that Richmond Place was not understaffed during Ms. Johnson's residency.

[Record No. 231-6]

The defendants argue about the burden of proof in a medical negligence case, instead of directly discussing the "how" and "why" of Holy's opinion. They rely on an opinion from the United States Court of Appeals for the First Circuit in which that court explained that the "[d]efendant need not prove another cause, he only has to convince the trier of fact that the alleged negligence was not the legal cause of the injury. In proving such a case, a defendant may produce other 'possible' causes of the plaintiff's injury.'" *Wilder v. Eberhart*, 977 F.2d 673, 675-77 (1st Cir. 1992). The court explained that the defendant could express alternative causes, and the alternative causes did not need to be expressed in terms of certainty or "more probably than not" because that "would unduly tie a defendant's hands in rebutting a plaintiff's case where . . . plaintiff's expert testifies that no other cause could have caused plaintiff's injury." *Id*. at 676.

A sister district court in this Commonwealth has agreed with the defendants that experts for the defense need not offer medical opinions within a reasonable degree of medical certainty because defendants only need "to discredit or rebut the plaintiff's evidence to 'convince the trier of fact that the alleged negligence was not the legal cause of the injury.'" *Shadrick v. Southern Health Partners, Inc*., 2016 U.S. Dist. LEXIS 118431, at *29-30 (W.D. Ky. Aug. 31, 2016) (citing *Hudson v. CSX Transp., Inc*., 2009 Ky. App. Unpub. LEXIS 1021, *4 n. 3 (Ky. Ct. App. 2009)); *see also Walker v. United Healthcare of Hardin, Inc.,* No. 3:07CV-00067-JHM, 2010 U.S. Dist. LEXIS 79749, at *25-26 (W.D. Ky. Aug. 6, 2010). The court properly

noted that the plaintiff in a negligence action bears the burden of establishing causation. *Shadrick*, 2016 U.S. Dist. LEXIS 118431, at *29.

However, there is no explanation for "how" and "why" Holy concluded that BLC Lexington was not understaffed at the time of Johnson's residency, nor does her report explain "how" she concluded the nurses provided an adequate standard of care, even if she is not required to define the standard of care. *See Vaughn v. Konecranes, Inc.*, 642 F. App'x 568, 577 (6th Cir. 2016) (explaining that the expert was qualified and properly listed the documents he reviewed in reaching his decision but the district court properly excluded his testimony because he did not explain how his experience led him to his conclusion).

Similar to *Foncannon v. Southeastern Emergency Physicians, LLC*, where this Court concluded that the expert did not comply with Rule 26 because the expert failed to describe the facts or data considered in forming his opinion that the staff was negligent, Holy has failed to describe what facts and data she considered in forming her opinion or how she reached her conclusion. No. 6: 16-039-DCR, 2017 U.S. Dist. LEXIS 5756, at *4-5 (E.D. Ky. Jan. 12, 2017); *see also Devereux v. Knox Cty., Tenn.,* No. 3:17-CV-197-JRG-HBG, 2019 U.S. Dist. LEXIS 156120 (E.D. Tenn. June 17, 2017). Simply put, Holy's report includes no supportive reasoning for how she formulated her opinions.

### ii. L. Edward Roberts, Jr.

Likewise, Johnson seeks to exclude the testimony and report of Dr. L. Edward Roberts, Jr., because the opinions he seeks to offer do not comply with Rule 26(a)(2)(B). [Record No. 273] She again argues that Roberts' report does not include "how" and "why" he reached his conclusions. And again, the defendants argue in response that, because this is a medical negligence case, the plaintiff bears the burden of proof.

Roberts' expert report relies heavily on Johnson's medical records and connects them to his opinion regarding why he does not believe that her mobility issues were caused by the wound dehiscence. [Record No. 231-2] "'[A]n expert opinion must 'set forth facts' and, in doing so, outline a line of reasoning arising from a logical foundation.'" *R.C. Olmstead*, 606 F.3d at 271 (quoting *Brainard v. Am. Skandia Life Assur. Corp.,* 432 F.3d 655, 657 (6th Cir. 2005)). Roberts' expert report outlines the medical records and treatment history he relied upon in reaching his conclusion. Further, it is logically sequenced to reach his conclusion. *See Elam v. Menzies*, No. 6: 07-253-DCR, 2010 U.S. Dist. LEXIS 30520, *7-10 (E.D. Ky. Mar. 30, 2010) (concluding that the doctor's expert report contained a sufficient basis and reasons because he detailed the medical records reviewed and literature relied upon in forming his opinion before concluding that the plaintiff was misdiagnosed). Roberts extensively outlines Johnson's medical history and links it to his final conclusion that her mobility issues and paraplegia were not caused by the infection and dehiscence.

### iii. Cause of Infection

Johnson also seeks to keep the defendants from presenting evidence regarding the cause of Johnson's dehiscence and infection. [Record No. 270] She contends that the poor nursing care she received at BLC Lexington caused her surgical back wound to become infected with her own feces.

Johnson argues that Holy and Roberts did not opine regarding the cause of her infection and dehiscence. Additionally, she asserts that Holy is not qualified to testify on the cause of her infection because she is a nurse. As stated above, Holy's testimony will be excluded because it does not include a proper basis and reasons under Rule 26. However, Dr. Roberts' report is properly supported under Rule 26. But Johnson argues that Roberts did not opine on

the cause of her infection. Thus, she contends that any opinions he has offered on the subject are not given to a reasonable degree of medical probability.

Roberts' report details Johnson's medical history leading to her back surgery. He noted that Johnson's physician explained that the surgery "carried high risks of post-op infection because of her morbid obesity and immobility." [Record No. 231-2, p. 2] His report also noted that there were no specific wound care instructions from Saint Joseph Hospital and no specific wound care plan in BLC Lexington's records. [*Id*. at pp. 2-3] Further, Dr. Roberts explained that there were inconsistencies in the report from BLC Lexington, including the description of the surgical wound. [*Id*. at p. 3] His report describes Johnson's wound becoming infected and Johnson being transferred to Saint Joseph Hospital for wound care. [*Id*.] He further noted that Johnson's records indicated the dehiscence was "superficial" and no "overt abscess collection" was found. According to Dr. Roberts, "[i]t is no surprise that Mrs. Johnson had wound dehiscence. She was not able to care for herself and required two people for simple bed mobility (Brookdale 371). With her morbid obesity and the need for two people to move her from side to side, extra traction and stress was, no doubt, placed on this fresh wound." [*Id*.] He concludes that the superficial wound and infection were unrelated to Johnson's paraplegia and poor mobility.

While Dr. Roberts notes that Johnson was high risk for infection post-op, he never actually opines on the cause of her infection. Instead, the bulk of his report supports the conclusion that dehiscence and infection did not cause her mobility issues. The Court agrees with the plaintiff that Roberts' report does not include an opinion on the cause of Johnson's infection and dehiscence. However, this does not mean that Roberts may not opine at trial on other disclosed opinions that comply with Rule 702. *Johnson*, 2017 U.S. Dist. LEXIS 230797

(explaining that even though the expert may not be able to testify to causation he could testify to other opinions that are properly disclosed).

### III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Plaintiff Carrie Johnson's motion to exclude expert testimony and the report of Shannon Holy MSN, BSN, RN, LNCC [Record No. 272] is **GRANTED**.

2. Plaintiff Johnson's motion to exclude the expert testimony and report of L. Edward Roberts Jr., MD [Record No. 273] is **DENIED**.

3. Plaintiff Johnson's motion *in limine* to exclude the defendants from presenting evidence on the cause of Johnson's dehiscence and infection [Record No. 270] is **GRANTED**.

Dated: July 29, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky