UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CARRIE JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 19-064-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BLC LEXINGTON SNF, LLC, d/b/a | ) | |
| Brookdale Richmond Place SNF, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The defendants have filed a motion *in limine* seeking partial exclusion of plaintiff Carrie Johnson's damages claims in this action. [Record No. 331] Through this motion, they seek to limit Johnson's punitive damage claim to the amount set out in her First Supplemental Disclosure, filed pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii). In this disclosure, Johnson asserts that she is entitled to punitive damages "in an amount not to exceed $2,000,000." [Record No. 331-1] The defendants argue that she is bound to this figure because she failed to supplement it during the discovery period.

Johnson responded with evidence that she served two timely supplemental disclosures regarding the punitive damage issue. [Record No. 333] Her Second Supplemental Disclosure claims nearly $90,000,000 in punitive damages. [Record No. 316-5, p. 4] And her Third Supplemental Disclosure incorporates this figure by reference. [Record No. 333-4] The defendants now concede that these later disclosures, but they argue that Johnson is precluded

- 1 -

from relying on the higher punitive damages calculation because it is based on claims that have been dismissed.  [Record No. 335; *see* Record No. 304]

Johnson's Second Supplemental Disclosure asserts that the higher punitive damages calculation was "for 2014-2018." [Record No. 316-5] This was the period underlying the now-dismissed fraud claims, but her remaining claims are for medical negligence.  [*See* Record Nos. 27.] As such, the defendants' argument that she may only recover for injuries incurred during her residency in the defendants' skilled nursing facility—from October 20, 2017, to November 9, 2017—is well taken.  And the Court has made clear in prior orders that any evidence of injuries outside of this period is no longer relevant.  [*See* Record No. 328.]

Nevertheless, the Court will deny the defendants' motion because their arguments are premature.  "Punitive damages, like damages for emotional suffering, are not amenable to the requirements of Rule 26(a)(1)(A)(iii)." *Scheel v. Harris*, No. CIV.A. 3: 11-17-DCR, 2012 WL 3879279, at *7 (E.D. Ky. Sept. 6, 2012).  Failure to properly disclose punitive damages calculations is substantially justified because of their natural insusceptibility to calculation. *See id.* at * 7; *see also* Fed. R. Civ. P. 37(c)(1).

Moreover, the amount of punitive damages that may be awarded in any action is a determination that lies first with the finder of fact.  *See Smith v. Wade*, 461 U.S. 30, 54 (1983) ("Punitive damages are awarded in the jury's discretion . . . .").  The parties will have an opportunity to propose jury instructions on punitive damages, and the Court will have a "full[er] picture" of the defendants' conduct at that time.  *Mahaney ex rel. Kyle v. Novartis Pharm. Corp.*, No. 1: 06-CV-00035-R, 2011 WL 4103669, at *5 (W.D. Ky. Sept. 14, 2011). The parties will also have opportunities to challenge any subsequent award if, in fact, one is made.  *See Bollini v. Bolden*, No. 08-14608, 2011 WL 4381907, at *4 (E.D. Mich. Sept. 20,

2011) (These are "issue[s] better addressed, if necessary, after the proofs on damages have been received and after the jury has issued its damages award.").

Accordingly, it is hereby

**ORDERED** that the defendants' motion *in limine*, [Record No. 331], is **DENIED**.

Dated:  August 26, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky